IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANTA Y. CLAIBORNE,          § | | |
|       PLAINTIFF,          § | | |
| § | | |
| V.          § | | CASE NO. 3:19-CV-0250-M-BK |
| § | | |
| FEDERAL RESERVE BANK          § | | |
| OF DALLAS,          § | | |
|       DEFENDANT.          § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. For the reasons that follow, *Plaintiff's Original Petition*, Doc. 1-5 at 2, should be **DISSMISSED WITH PREJUDICE** for want of prosecution.

On January 31, 2019, Defendant filed its *Motion to Dismiss for Failure to State a Claim*. Doc. 3. If Plaintiff opposed Defendant's *Motion to Dismiss*, she was required to file a response within 21 days of that date, but she failed to do so. *See* N.D. TEX. L. CIV. R. 7.1(e). On February 22, 2019, the Court enlarged Plaintiff's time to respond to March 8, 2019. Doc. 6. The Court also warned Plaintiff that failure to file a response might lead to dismissal of her case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 6. To date, however, Plaintiff has not filed a response nor has she requested an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to *sua sponte* dismiss an action for failure to prosecute or failure to comply with the federal rules or any court order. *Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998)*. "This authority flows from the [C]ourt's inherent power to control its docket and prevent undue delays in the disposition of

pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Here, Plaintiff has had ample opportunity to respond to Defendant's motion. She has impliedly refused or declined to do so. Accordingly, this action is subject to dismissal with prejudice.

Federal Civil Procedure Rule 41 permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or failure to comply with a court order. A Rule 41(b) dismissal with prejudice is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the Court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the Court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

Here, the Court finds that there is a clear record of delay or contumacious conduct by Plaintiff. Plaintiff is representing herself, thus, the delay (39 days since the expiration of her original deadline to respond and over 14 days since her extended deadline expired) is attributable solely to her. Moreover, Plaintiff has apparently abandoned her case—having failed to take any action in this case whatsoever. Thus, dismissal with prejudice is appropriate in this case.

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** for want of prosecution.

**SO RECOMMENDED** on March 22, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).